UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**NATACHE D. RINEGARD-GUIRMA**,

Plaintiff,

v.

**US BANK NATIONAL ASSOCIATION AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2006, GSAMP TRUST 2006-HE5, AND THE GSAMP TRUST 2006-HE5 TRUST**,

Defendant.

Civil Case No. 3:13-1072-PK

OPINION AND ORDER

    Natache D. Rinegard-Guirma
    5731 NE 10th Ave.
    Portland, OR 97211

        Pro se Plaintiff

Page 1 - OPINION AND ORDER

Emilie K. Edling
Houser & Allison, APC
9600 SW Oak Street, Suite 570
Portland, OR 97223

Attorney for Defendant[1]

KING, Judge:

Plaintiff Natache Rinegard-Guirma, *pro se*, filed this action[2] on June 26, 2013, alleging violations of the Fair Debt Collection Practices Act in an attempt to stop an ongoing judicial foreclosure proceeding filed in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 1112-16030. The judicial foreclosure trial is set for August 7, 2013.[3] Plaintiff has filed numerous motions with this Court seeking to enjoin that foreclosure. For the reasons set forth below, Plaintiff's various motions are denied and this action is dismissed without prejudice.

## BACKGROUND

In 2006, Plaintiff obtained an adjustable-rate loan in the amount of $382,500, secured by a deed of trust on Plaintiff's home in Portland. In 2007, Plaintiff ran into financial difficulties and stopped making payments on the loan, resulting in a default under the terms of the note and

---

[1] Defendant appears by special appearance, reserving its right to raise arguments regarding service and jurisdiction.

[2] This case was originally assigned to Magistrate Judge Hubel. The case was reassigned to Magistrate Judge Paul Papak after discovering that Judge Papak was presiding with full consent of the parties over a case Plaintiff filed in 2010, Rinegard-Guirma v. Bank of America N.A. 3:10-cv-01065-PK. Plaintiff subsequently requested that an Article III judge be appointed to this current case. Plaintiff's request is granted.

[3] It is unclear whether trial begins August 7 or August 8, 2013. In an abundance of caution, I refer to the earliest of the two dates provided.

trust deed. In 2008, a non-judicial foreclosure of the deed of trust was initiated, but the foreclosure sale apparently never took place. A second non-judicial foreclosure action was initiated in May 2010.

On September 8, 2010, Plaintiff sought to enjoin the second attempted non-judicial foreclosure of the deed of trust. Rinegard-Guirma v. Bank of America N.A., 3:10-cv-01065-PK (D. Or.). I granted a temporary restraining order and, in October 2010, a preliminary injunction enjoining the *non-judicial* foreclosure. Id. at ECF Nos. 22, 39. I later clarified that the preliminary injunction applied only to the then-pending *non-judicial* foreclosure, and it would not apply to a *judicial* foreclosure should the defendants choose to proceed in state court. Id. at ECF No. 110. Accordingly, on December 7, 2011, U.S. Bank sought to proceed with the aforementioned judicial foreclosure, which is now set for trial in Multnomah County on August 7, 2013.

In her 2010 lawsuit, Plaintiff asserted four claims in an attempt to stall or stop all foreclosure efforts. She alleged a breach of contract claim as well as claims under the Oregon Trust Deeds Act, the Truth in Lending Act, and the Fair Debt Collection Practices Act. Magistrate Judge Paul Papak granted judgment on the pleadings[4] against all but Plaintiff's Truth in Lending Act claim; the latter claim is still pending. Id. at ECF No. 159.

In the instant action, Plaintiff again asserts claims premised on the Fair Debt Collection Practices Act. The gravamen of her Complaint is that the defendant is not entitled to enforce

---

[4] All parties had consented to the jurisdiction of Magistrate Judge Papak by April 26, 2011. Id. at No. 99.

Plaintiff's note or deed of trust, yet is attempting to do so in the pending Multnomah County judicial foreclosure proceeding.

## DISCUSSION

Plaintiff's most recently filed Complaint and her pending motions ask this Court to intervene in a state court matter. However, absent extraordinary circumstances, federal courts must decline to interfere with a pending state court proceeding involving matters of important state interests. Younger v. Harris, 401 U.S. 37, 44-45 (1971). The Younger abstention doctrine permits a court to dismiss a case *sua sponte* at any point in the litigation. Marcus v. Oregon, 3:12-cv-1750-HZ, 2012 WL 6618242, at *2 (D. Or. Dec. 12, 2012) (citing Agustin v. Cnty. of Alameda, 234 F. App'x 521 (9th Cir. 2007)). In determining whether abstention is appropriate, I must consider the following factors: (1) whether the state proceedings are ongoing; (2) whether those proceedings implicate important state interests, and (3) whether plaintiff will have an adequate opportunity to litigate her federal claims. San Remo Hotel v. City and Cnty. of S.F., 145 F.3d 1095, 1103 (9th Cir. 1998).

Here, a state judicial foreclosure proceeding was already underway when Plaintiff filed the instant action. Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir. 1994) (Younger applies if the state court proceeding was initiated before the federal proceeding). Second, courts have held that adjudicating foreclosures of real property implicates important state interests. Shaffer v. Heitner, 433 U.S. 186, 207-09 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders[ ] and in providing a procedure for peaceful resolution of disputes about the possession of that property") (footnote omitted); see also Sergeon v. Home Loan Ctr., Inc., No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930, *4

(M.D.Fla. Oct. 26, 2010) (collecting cases applying Younger abstention in light of pending state foreclosure proceeding).

Finally, Plaintiff is represented by an attorney in the state judicial foreclosure proceeding, and the state court is competent to hear her Fair Debt Collection Practices Act claim in conjunction with the foreclosure.  See Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 801 (9th Cir. 2001) (Younger abstention required when plaintiff has an opportunity to pursue federal claims in state court); see also Capital Credit & Collection Serv., Inc. v. Armani, 227 Or. App. 574, 206 P.3d 1114 (2009) (Oregon state court adjudicates Fair Debt Collection Practices Act claim); 15 U.S.C. 1692k(d) ("An action to enforce any liability may be brought . . . in any other court of competent jurisdiction[.]").

To a homeowner confronted with losing her home, a judicial foreclosure action understandably may seem like an extraordinary circumstance which should warrant federal court intervention.  However, civil lawsuits between private litigants do not present the kind of "extraordinary circumstances" the Younger doctrine intended to except from its application. This Court should not interfere with the state court proceeding.

A *pro se* litigant is generally entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the deficiencies cannot be cured by amendment.  See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623-24 (9th Cir. 1988).  Here, dismissal without prejudice is appropriate because it is apparent on the face of Plaintiff's Complaint that the relief she seeks necessarily implicates Younger and requires dismissal.

## CONCLUSION

For the foregoing reasons, this case is dismissed without prejudice, and all pending motions are denied as moot.

IT IS SO ORDERED.

DATED this   6th   day of August, 2013.


                                                 /s/ Garr M. King
                                                 Garr M. King
                                                 United States District Judge